*Mellinger, Sanders & Kartzman, LLC*

ATTORNEYS AT LAW

101 GIBRALTAR DRIVE
SUITE 2F
MORRIS PLAINS, N.J. 07950

(973) 267-0220

FAX (973) 267-3979

E-MAIL   SKARTZMAN@MSKLAW.NET
ABRIEF@MSKLAW.NET
NCORONA@MSKLAW.NET

LOUIS P. MELLINGER
MICHAEL S. SANDERS
STEVEN P. KARTZMAN
ADAM G. BRIEF, COUNSEL TO THE FIRM
NICOLE CORONA
SEYMOUR RUDENSTEIN (1933-1983)
JACOB MELLINGER (1928-2001)

OF COUNSEL
BARRY E. LEVINE
WALTER G. LUGER
PETER ROSEN
ROBERT D. ROSEN

Essex County Office
46 Essex Street
Millburn, N.J. 07041
(973) 218-0220

PLEASE RESPOND TO:
MORRIS PLAINS

March 2, 2015

The Hon. Novalyn L. Winfield
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

Re.:   Michael Moshe Cohen
<u>Case No. 14-23412 NLW</u>

Dear Judge Winfield:

This firm represents Steven P. Kartzman, as Chapter 7 Trustee (the "Trustee"), in the captioned action. Kindly accept this letter in lieu of a more formal limited opposition to the Motion of Mark A. Ast ("Ast") for an Order Pursuant to 11 U.S.C. § 362(d) and 105(a) (I) Granting Relief from the Automatic Stay, etc., (the "Motion"). The Trustee does not take a position as to whether Ast is entitled to relief from the automatic stay. Rather, the Trustee's objection lies with the scope of relief sought in the event that the Motion is granted. In short, Ast seeks relief that impinges upon property of the Debtor's estate and the Trustee's ability to administer same.

In paragraph 36 of the Motion, Ast contends that the Debtor diverted "over 40 million shares of stock to alter-ego companies controlled by the Debtor or members of his family...millions of shares of stock to stock promoters, and tens of millions of shares of stock to assorted insiders of

Proteonomix. See Ast's Motion, at ¶ 36. The transfers that Ast describes, if substantiated, would constitute fraudulent transfers. It is well settled that fraudulent transfer claims that would have been available to creditors pre-petition belong to the bankruptcy estate. See e.g., In re C.D. Jones & Co., Inc., 482 B.R. 449, 455-56 (Bankr. N.D. Fla. 2012).

Thus, if the Court is inclined to grant Ast relief, the order granting relief should include a provision barring Ast, or anyone acting on his behalf, from pursuing any fraudulent transfer claims against the Debtor, the Debtor's agent(s), or any insider of the Debtor, or any direct or indirect transferee(s) thereof.

Respectfully submitted,

/s/ Adam G. Brief

ADAM G. BRIEF

cc: Robert I. Skoy, Esq. *(via email)*
Andrew Pincus, Esq. *(via ECF & Email)*